**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Eleanor JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 26, 2007.

Filed Jan. 22, 2008.

Doris J. Dabrowski, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: BENDER, GANTMAN and TAMILIA, JJ.

OPINION BY BENDER, J.:

¶ 1 Eleanor Johnson appeals from the April 20, 2006 order denying her application for a private detective license under the Private Detective Act of 1953, 22 P.S. §§ 11–30 (the "Act"). For a reason other

than that relied upon by the trial court, we affirm.

¶ 2 Ms. Johnson filed an application for a private detective license on February 9, 2006. In her application, Ms. Johnson delineated her 32 years of experience in child and adult protective services and case management with the City of Philadelphia Department of Human Services (DHS). Ms. Johnson earned a Master of Social Work degree from Temple University in 1999. In the last segment of her career with the DHS, from March of 1991 to January of 2001, she worked as a social worker for the Division of Children and Youth, Child Protective Services. Throughout her career, Ms. Johnson conducted investigations of alleged victims and perpetrators of abuse, and she worked in conjunction with the police and court system in various respects. In 2005, following her retirement from DHS, Ms. Johnson completed a "Master Detective Course in Private Investigation" consisting of 675 course hours. Additionally, attached to her license application was, *inter alia,* a list of five character references.

¶ 3 On April 20, 2006, the trial court held a hearing on Ms. Johnson's private detective license application. Following argument by the district attorney and comments from Ms. Johnson, who proceeded *pro se* at the hearing, the trial court denied Ms. Johnson's application.

¶ 4 Ms. Johnson filed a timely notice of appeal on May 19, 2006. Pursuant to the trial court's order, on March 8, 2007, Ms. Johnson filed a timely concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), in which she properly preserved the issue raised in this appeal.

¶ 5 Ms. Johnson raises the following sole issue in the "Statement of Questions Involved" portion of her brief: "Does regular employment as a detective include the practical functional equivalent of 'private detective business' as defined in the Private Detective Act?" Appellant's brief at 2. We conclude initially that the trial court may have misapprehended the Act in terms of what kind of experience is a necessary prerequisite to obtaining a license; however, because Ms. Johnson did not provide at least five certificates of approval from each of her character references, she did not comply with the formal requirements contained in section 14(a) of the Act, as further described *infra.* It is on this latter basis that we affirm the trial court's order denying her license.

¶ 6 Generally, the Act provides that any person intending to conduct a private detective business, the business of investigator, or the business of a detective agency, and the like, must file a written application for a private detective license with the trial court in the county in which they intend to locate their principal place of business. 22 P.S. § 14. Section 14(a) outlines the application requirements for a person seeking a license. In addition to providing a signed and verified application containing demographic information about the applicant, information about where the applicant intends to locate his or her private detective business, and items such as fingerprints and a photograph, the applicant must meet the following requirements:

> Every such applicant shall establish, to the satisfaction of the [trial court] and by at least two duly acknowledged certificates, that such applicant, ... has been **regularly employed as a detective,** or shall have been a member of the United States government investigative service, a sheriff, a member of the Pennsylvania State Police, or a member of a city police department of a rank or grade higher than that of patrolman, **for a period of not less than three years.**

*Id.* at § 14(a) (emphasis added). In this case, the issue at the hearing was whether Ms. Johnson was "regularly employed as a

detective[,]" as she did not qualify as a member of the a United States government investigative service, sheriff, or member of a state or city police department.

¶ 7 The term "private detective" is defined in the Act as a "person, partnership, association, or corporation, engaged in the private detective business, as defined in subsections (a) and (b) of this section." *Id.* at § 12(c). Subsections (a) and (b) provide as follows:

(a) **"Private detective business"** shall mean and include the business of private detective, private detective business, the business of investigator, or the business of watch, guard, or patrol agency.

(b) **"Private detective business"** shall also mean and include, separately or collectively, the making, for hire, reward, or for any consideration whatsoever, of any investigation or investigations for the purpose of obtaining information with reference to any of the following matters, notwithstanding the fact that other functions and services may also be performed for fee, hire, or reward:

(1) Crime or wrongs done or threatened against the government of the United States of America or any state or territory of the United States of America.

(2) The identity, habits, conduct, movements, whereabouts, affiliations, associations, transactions, reputation, or character, of any person, group of persons, association, organization, society, other groups of persons, partnership, or corporation.

(3) The credibility of witnesses or other persons.

(4) The whereabouts of missing persons.

(5) The location or recovery of lost or stolen property.

(6) The causes and origin of, or responsibility for, fires, or libels, or losses, or accidents, or damage, or injuries, to real or personal property.

(7) The affiliation, connection, or relation, of any person, partnership, or corporation, with any union, organization, society, or association, or with any official member or representative thereof.

(8) With reference to any person or persons seeking employment in the place of any person or persons who have quit work by reason of any strike.

(9) With reference to the conduct, honesty, efficiency, loyalty, or activities, of employes, agents, contractors and subcontractors.

(10) The securing of evidence to be used before any authorized investigating committee, board of award, board of arbitration, or in the trial of civil or criminal cases.

(11) The furnishing, for hire or reward, of watchmen, or guards, or private patrolmen, or other persons, to protect persons or property, or to prevent the theft or the unlawful taking of goods, wares and merchandise, or to prevent the misappropriation or concealment of goods, wares or merchandise, money, bonds, stocks, chooses in action, notes, or other valuable documents, papers, and articles of value, or to procure the return thereof, or the performing of the service of such guard or other person, or any of said purposes.

22 P.S. § 12(a), (b). Thus, although subsection (a) refers to "private detective business" with little elaboration, subsection (b) provides another definition of "private detective business" in accordance with several functional equivalents, including the making of "any investigation or investigations for the purpose of obtaining information with reference to" such things as crimes or wrongs against any state government (*see id.* at § 12(b)(1)), the identity, habits, conduct, whereabouts, etc., of any person (*see id.* at § 12(b)(2)), the credibility of witnesses or other persons (*see id.* at § 12(b)(3)), and "the securing of

evidence to be used before any authorized investigating committee, ... or in the trial of civil or criminal cases[,]" (*see id.* at § 12(b)(10)).

¶ 8 It does not appear that the trial court in this case examined the factors contained in section 12(b) when it determined that Ms. Johnson did not have the requisite experience to have a private detective license. At the hearing in this case, the Commonwealth argued in part as follows:

> The Act is very specific and clear. You must have been regularly employed as a detective, a member of the United States Government Investigative Services, a sheriff, a police officer of a rank higher than patrolman for a period of not less than three years; engaged in investigative duties.
>
> If [Ms. Johnson] gets a job and works for a detective agency and gets that required experience, the Commonwealth would no longer be opposed.

N.T. Hearing, 4/20/06, at 3. Ms. Johnson then described her experience in investigating child abuse cases, including her experience in interviewing victims and perpetrators of all types of abuse and her experience in giving oral and written testimony to the court. *Id.* at 4–5. She described her work as a social worker and the diploma she received in private investigation from a detective training program. *Id.* at 5. The trial court then asked the Commonwealth, "is there anything that says within the Act that she has to be employed as a detective for three years?" *Id.* The Commonwealth replied "yes." *Id.* Accordingly, the court then stated as follows: "Unfortunately, it's my understanding that the Act requires that you have to actually have the experience with at least three years of detective work.

Unfortunately, I have to deny your application." *Id.* at 5–6. Ms. Johnson then responded as follows:

> I was involved with child protective services investigation and also adult elder abuse investigation. That's not counted?
>
> I was required to gather evidence, take photographs of injuries and bring that into the court and assist the city solicitor in preparing cases and even cases that involved termination of parental rights.

*Id.* at 6. To this, the court responded:

> Unfortunately, the Act requires that you must be a detective. It says you have to be regularly employed as a detective.
>
> Those are the words used by the Act.
>
> And it also says it [sic] has to be a police officer of a higher rank, higher than patrol man, a United States Government Investigative Services Employee, et cetera.
>
> I will have to deny your petition.

*Id.* Similarly, in its opinion submitted pursuant to Pa.R.A.P. 1925(a), the trial court stated that it was "clearly powerless to grant professional licenses to those not specifically named by the [G]eneral [A]ssembly in the Act." Trial Court Opinion, 6/12/07, at 4–5. Thus, given the trial court's statements at the hearing and in its Rule 1925(a) opinion, it appears that the trial court did not conduct any analysis with regard to whether Ms. Johnson's investigatory experience was sufficient for purposes of the definition of "private detective business" provided in subsection 12(b) but, instead, denied Ms. Johnson's petition on the basis that she had not been employed as a "private detective" in the literal sense.[1]

---

1. We do not reach any conclusions with regard to whether the evidence presented by Ms. Johnson as to her work experience was sufficient to meet the definition of "private detective business" as contained in section 12(b) of the Act. Rather, we only conclude

¶ 9 Nevertheless, Ms. Johnson did not comply with the Act's formal requirement that she attach, to her application, the statements of at least five reputable citizens, each of who would "certify that he has personally known the [applicant] for a period of at least five years prior to the filing of such application, that he has read such application and believes each of the statements made therein to be true, that such person is honest, of good character, and competent, and not related or connected to the person so certifying by blood or marriage." 22 P.S. § 14(a). Indeed, the Act requires that "[t]he certificate of approval shall be signed by such reputable citizens and duly verified and acknowledged by them before an officer authorized to take oaths and acknowledgement of deeds." *Id.* All that Ms. Johnson provided in this regard was a one-page list of her five character witnesses, their professional positions, and their addresses. *See* Application, Exh. B. According to this deficiency on the face of her application, we affirm the trial court's denial of a private investigator license to Ms. Johnson.[2]

¶ 10 Order affirmed.

¶ 11 Judge TAMILIA concurs in the result.

---

that it appears that the court did not consider the definition contained in section 12(b) when it concluded that Ms. Johnson was not properly experienced for a private detective license.

2. "As an appellate court, we may uphold a decision of the trial court if there is any proper basis for the result reached; thus we are not constrained to affirm on the grounds relied upon by the trial court." *Nationwide Mut. Ins. Co. v. Fleming,* 924 A.2d 1259, 1269 (Pa.Super.2007).