COMMONWEALTH of Pennsylvania, Appellee

v.

Mathew DURSO, Appellant.

Superior Court of Pennsylvania.

Argued April 2, 2013.

Filed Aug. 2, 2013.

Reargument Dismissed Sept. 6, 2013.

Rebecca L. Falvo, Butler, for appellant.

Benjamin A. Simon, Assistant District Attorney, Butler, for Commonwealth, appellee.

BEFORE: BOWES, DONOHUE, and MUNDY, JJ.

OPINION BY BOWES, J.:

Matthew Durso appeals from the judgment of sentence of intermediate punishment imposed by the trial court after he was convicted of two counts of driving under the influence (DUI) and the summary offense of operating his motor vehicle without proper headlights. After careful review, we are constrained to reverse.

The facts in this matter are as follows. On August 28, 2011, Slippery Rock University Police Officer Frank Davis and his partner Sergeant Wayne Cochran conducted a traffic stop on Kiester Road in Slippery Rock Borough, after observing Appellant driving with an extinguished headlight. Kiester Road runs through the Slippery Rock University campus and both sides abutting the road are University property. The officers observed Appellant's non-functional headlight while on University property. Specifically, the officers were sitting stationary on Stores Road, Slippery Rock Borough. However, the officers did not perform the stop on University property; rather, the stop occurred outside of campus grounds but within 500 yards of its boundary. As a result of the stop, the police arrested Appellant and charged him with two violations of the DUI statute, specifically, sections 3802(a)(1) and 3802(b). In addition, police cited Appellant for the headlight violation. Appellant filed a suppression motion contending that the officers lacked jurisdiction to stop his vehicle under 71 P.S. § 646, which governs the authority of campus police for state-owned universities. Slippery Rock University is a state-owned university.

The court conducted a hearing wherein the Commonwealth asserted that 71 P.S. § 646.1 permitted campus police for a state-aided or state-related university to effectuate traffic stops within 500 yards of the school property. The Commonwealth reasoned that a state-owned college or university falls within the meaning of a state-aided or state-related college or university. The court agreed with the Commonwealth's interpretation of the applicable statutes and declined to find the stop illegal.

The parties proceeded to a stipulated non-jury trial and the court found Appellant guilty of the aforementioned offenses.[1] The court originally sentenced Appellant on August 30, 2012, to thirty days to six months incarceration for his violation of § 3802(b), and imposed a $25 fine for the summary head-light violation. Appellant filed a motion to modify his sentence, which the court granted in part on September 13, 2012.[2] This timely appeal en-

---

1. Appellant was previously convicted of DUI; thus, these violations were considered second offenses.

2. The court amended its sentence to require Appellant serve the first fourteen days of his sentence in the Butler County Correctional Facility and the next sixteen days on house arrest.

sued. The sole question Appellant presents is "Did the lower court err in holding that the stop of Defendant was legal and proper pursuant to 71 P.S. § 646.1, and, therefore, denying the Defendant's timely motion to suppress all evidence obtained." Appellant's brief at 5.

■ Appellant's challenge involves a question of statutory interpretation and is a pure question of law, *i.e.,* whether 71 P.S. § 646.1 permits campus police of a state-owned university to conduct a vehicular stop within 500 yards of university property. Accordingly, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Sarapa,* 13 A.3d 961, 962–963 (Pa.Super.2011). Further, "Our task in construing a statute is to ascertain and effectuate the intention of the General Assembly." *Id.* at 964. We interpret statutes so as "to give effect to all its provisions." *Id.* "[W]e may not render language superfluous or assume language to be mere surplusage." *Commonwealth v. Bailey,* 986 A.2d 860, 863 (Pa.Super.2009). Where the text of the statute is "clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Sarapa, supra* at 964. If the words of the statute are considered ambiguous, we may discern the intent of the General Assembly by considering:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c).

Importantly, "[s]tatutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things" and "[s]tatutes in pari materia shall be construed together, if possible, as one statute." 1 Pa.C.S. § 1932(a)(b).

The parties' arguments are straightforward. Appellant contends that, while section 646.1 applies to state-aided or state-related colleges and universities, section 646.1 does not govern state-owned colleges and universities. Section 646.1 provides in relevant part:

(a) Campus police shall have the power and their duty shall be:

(6) to prevent crime, investigate criminal acts, apprehend, arrest and charge criminal offenders and issue summary citations for acts committed on the grounds and in the buildings of the college or university and carry the offender before the proper alderman, justice of the peace, magistrate or bail commissioner and prefer charges against him under the laws of this Commonwealth. Except when acting pursuant to 42 Pa. C.S. Ch. 89 Subch. D, **campus police shall exercise these powers and perform these duties only on the grounds or within 500 yards of the grounds of the college or university.** For the purposes of applying the provisions of 42 Pa.C.S. Ch. 89 Subch. D, the grounds and within 500 yards of the grounds of the college or university shall constitute the primary jurisdiction of the campus police

71 P.S. § 646.1(a)(6) (emphasis added).

According to Appellant, section 646(h) governs this matter, and campus police at

state-owned schools are only permitted to exercise their powers on school-owned property, subject to exceptions not pertinent herein. In section 646, the General Assembly set forth that

> Security and Campus Police shall exercise their powers and perform their duties only on the premises of the State colleges and universities, **State aided or related colleges** and universities and community colleges by or for which they are employed and only and after they have completed a course of training including crisis intervention training and riot control as approved by the Department of Education except, that Campus Police employed **by State owned colleges and universities** located in any municipalities, other than cities of the first class or second class, are authorized, in emergency situations occurring within the municipality, upon the request of the mayor or other executive authority and under the direction of the local law enforcement authorities, to exercise those powers and perform those duties conferred pursuant to this section within the municipality for the limited purpose of aiding local authorities in emergency situations. When so acting, the Campus Police shall be acting within the scope of the authority of this act and are, at all times, State employes of this Commonwealth and entitled to all the rights and benefits accruing therefrom.

71 P.S. § 646 (emphases added).

According to Appellant, since Slippery Rock University unquestionably falls into the category of state-owned universities,

section 646.1 does not apply. In sum, because Appellant was not stopped on campus property, the Slippery Rock University police acted outside of their jurisdiction and the stop herein was illegal.[3]

The Commonwealth counters that section 646.1 encompasses police employed by state-owned universities because state-owned schools necessarily are state-related or state-aided. Pursuant to section 646.1, campus police of state-related or state-aided universities are empowered to act "on the grounds or within 500 yards of the grounds of the college or university." 71 P.S. § 646.1. The Commonwealth further submits that the legislative intent in passing section 646.1 was to include all state-owned schools as well as state-related and state-aided colleges and universities, although the legislature did not utilize the term state-owned. According to the Commonwealth, not allowing campus police at state-owned schools to exercise authority within 500 yards of school property would lead to "preposterous" results. Commonwealth's brief at 8.

■ The critical inquiry is whether the phrases "state-related" or "state-aided" colleges and universities subsumes state-owned universities and colleges. We find that the Commonwealth's position fails to account for the fact that the legislature has differentiated between state-owned universities and state-related or state-aided universities in sections 646, as well as in an additional related statute, 53 Pa.C.S. § 2162.

---

3. Appellant highlights that the Pennsylvania General Assembly, via a Local Government Commission Report, specifically distinguished between state-owned schools and state-related and state-aided colleges and universities. *See* Pa.Gen.Assembly, Local Gov't Comm'n, Report of the House Resolution 167 Task Force, Recommendation on Improving Local Polic-

ing, 1999. The report noted that police at state-related and state-aided institutions are allowed to operate both on and within 500 yards of campus property whereas campus police at state-owned schools, absent hot pursuit, may only exercise authority on school grounds.

The legislature in section 646 used both the terms "state-owned" colleges and universities and "state-aided" and "state-related" colleges and universities, thereby indicating that the phrases are not identical. This interpretation is buttressed by the fact that the definition of "campus police" found in section 646.1 includes a reference to 53 Pa.C.S. § Ch. 21 Subchapter D. Section 646.1 reads in part, " 'Campus police' means all law enforcement personnel employed by a State-aided or State-related college or university who have successfully completed a campus police course of training approved under 53 Pa.C.S. Ch. 21 Subch. D (relating to municipal police education and training)." Critically important, 53 Pa.C.S. Ch. 21 Subchapter D expressly excludes campus police at colleges in the State System of Higher Education, i.e., state-owned colleges and universities. The terms "college" and "university," for purposes of 53 Pa.C.S. § Ch. 21 Subchapter D, are defined as

> "College." A college which has a campus police department, as used in section 2416 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929, certified by the Office of Attorney General as a criminal justice agency under the definition of "criminal justice agency" in 18 Pa.C.S. § 9102 (relating to definitions). **The term does not include the State System of Higher Education and its members institutions.**
>
> . . . .
>
> "University." A university which has a campus police department, as used in section 2416 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929, certified by

the Office of Attorney General as a criminal justice agency under the definition of "criminal justice agency" in 18 Pa.C.S. § 9102 (relating to definitions). **The term does not include the State System of Higher Education and its members institutions.**

53 Pa.C.S. § 2162 (emphases added) (footnote omitted).[4] Consistent with the above definitions, the definition of "police department" in 53 Pa.C.S. § 2162, also excludes campus police of state-owned colleges and universities, defining a police department, in pertinent part, as

> A campus police or university police department, as used in section 2416 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929, certified by the Office of Attorney General as a criminal justice agency under the definition of "criminal justice agency" in 18 Pa.C.S. § 9102 (relating to definitions). **This paragraph does not include a campus police or university police department of the State System of Higher Education and its member institutions.**

*Id.* (emphasis added) (footnote omitted).

Hence, campus police at state-owned institutions are not mandated to comply with 53 Pa.C.S. § 2162, unlike campus police at state-aided or state related institutions. Phrased differently, construing the statutes in *pari materia*, as we must, the definition of campus police under 71 P.S. § 646.1 necessarily does not include campus police at state-owned colleges or universities. To interpret the phrases "state-related" and "state-aided" to encompass "state-owned" would render language in

---

4. Included within the Pennsylvania State System of Higher Education are Bloomsburg University, California University of Pennsylvania, Cheyney University, Clarion University, East Stroudsburg University, Edinboro University, Indiana University of Pennsylvania, Kutztown University, Lock Haven University, Mansfield University, Millersville University, Slippery Rock University, Shippensburg University, and West Chester University.

section 646 superfluous and mere surplusage and would conflict with 53 Pa.C.S. § 2162. Interpreting the statutes in *pari materia*, reveals that the legislature sought to distinguish between state-owned and state-related or state-aided institutions.

■ The legislature certainly could have included state-owned colleges and universities within its definition of campus police under section 646.1. Moreover, it also could have elected to define a college or university for purposes of section 646.1 as including state-owned universities and colleges. However, the legislature has elected to differentiate between state-owned institutions and state-related or state aided schools of higher education.[5] Since state-owned colleges and universities do not fall within the ambit of state-related or state-aided schools, the court below committed legal error in finding that section 646.1 applied. Thus, the stop was improper and the evidence that flowed therefrom should have been suppressed.

Judgment of sentence reversed. Case remanded. Jurisdiction relinquished.

---

**5.** State-related universities include The Pennsylvania State University, University of Pittsburgh, Temple University, and Lincoln University. *See http://www.portal.state.pa.us/portal/server.pt/community/institutiontypes/8713/state-relateduniversities/522465.*

State-aided colleges and universities are Drexel University, Johnson College, Lake Erie College of Osteopathic Medicine, Philadelphia College of Osteopathic Medicine, Salus University, Thomas Jefferson University, University of Pennsylvania, and University of the Arts. *See http://www.portal.state.pa.us/portal/server.pt/community/institutiontypes/8713/state-aidedinstitutions/522466.*