J-S64033-14

2014 PA Super 244

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RANDALL BOYLES, III | |
| Appellee | No. 622 WDA 2014 |

Appeal from the Order Entered March 21, 2014
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001344-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

OPINION BY GANTMAN, P.J.:                    **FILED OCTOBER 24, 2014**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Butler County Court of Common Pleas, granting the suppression motion of Appellee, Randall Boyles, III.  We affirm.

The relevant facts and procedural history of this appeal are as follows. Kiester Road is an east-west road in Butler County.  A portion of Kiester Road runs through Slippery Rock University, with campus grounds abutting the north and south sides of the road.  The university, however, does not own or maintain Kiester Road.

On April 27, 2013, Slippery Rock University Police Officer Frank Davis set up a "speed trap" for vehicles traveling along a segment of Kiester Road that is abutted by campus grounds on both sides.  (N.T. Suppression

Hearing, 2/20/14, at 6). Specifically, Officer Davis sat in a stationary position next to the university police department, which is located on the campus grounds abutting the south side of Kiester Road. Officer Davis used an "AccuTrack" device to monitor the speed of passing motorists. (*Id.* at 4). At 12:18 a.m., Appellee's black sedan traveled eastbound on Kiester Road and proceeded through the speed trap. Officer Davis tracked Appellee's vehicle as traveling forty-three (43) miles per hour, in violation of the posted speed limit. Officer Davis followed Appellee's vehicle, activated the emergency lights on his patrol car, and conducted a traffic stop. Appellee pulled over near the Pine Glenn Apartments, on a stretch of Kiester Road that is abutted by the university on the north side only.[1]

During the stop, Officer Davis asked Appellee for his driver's license, registration, and proof of insurance, but Appellee could not produce these items. Officer Davis returned to his patrol vehicle to verify Appellee's name and date of birth. At that point, another officer at the scene, Officer Haslett, motioned for Officer Davis to return to Appellee's vehicle. Officer Haslett stated that Appellee had been reaching for something in the back seat, underneath a book bag. Officer Davis looked into the vehicle and saw bottles of wine and liquor in the back. Officer Davis asked Appellee if he had been drinking, but Appellee stated he had not. While speaking with

_____

[1] At the suppression hearing, Officer Davis conceded that the traffic stop did not occur on campus grounds. (N.T. Suppression Hearing at 8-9).

- 2 -

Appellee, Officer Davis observed the odor of alcohol. After administering field sobriety tests, Officer Davis arrested Appellee for driving under the influence of alcohol or controlled substance ("DUI"). While at the university police department, Appellee consented to a breath test. The test revealed Appellee's blood alcohol content was 0.110%.

On August 26, 2013, the Commonwealth filed a criminal information charging Appellee with two (2) counts of DUI and one (1) count of the summary offense of driving in excess of twenty-five miles per hour in a "residence" district. On January 10, 2014, Appellee filed an omnibus pretrial motion to suppress all evidence obtained as a result of the traffic stop. In it, Appellee relied on *Commonwealth v. Durso*, 86 A.3d 865 (Pa.Super. 2013), for the proposition that campus police at state-owned universities have "limited jurisdiction which only permits their police powers to be exercised on university owned property."[2]    (Suppression Motion, filed

_____

[2] In *Durso, supra*, Slippery Rock University police officers observed the defendant driving on Kiester Road with an extinguished headlight. The officers made the observation while on campus grounds, sitting stationary next to the university police department. The officers conducted a traffic stop of the defendant's vehicle, which did not occur on university property. As a result of the stop, the officers arrested the defendant for DUI. The defendant filed a suppression motion, arguing the officers lacked jurisdiction to stop his vehicle. Following a hearing, the court denied the suppression motion. The court subsequently convicted the defendant of two counts of DUI.

On appeal, the defendant cited 71 P.S. § 646 for the proposition that campus police at "state-owned" universities are permitted to exercise their

*(Footnote Continued Next Page)*

1/10/14, at 2). Appellee maintained that Officer Davis conducted the traffic stop off campus; thus, the officer "was acting outside of his jurisdiction and did not have the legal authority to initiate a traffic stop…." (*Id.*)

The court conducted a suppression hearing on February 20, 2014. On March 21, 2014, the court granted Appellee's suppression motion, concluding:

> Counsel for the Commonwealth argued that in *Durso*, the Superior Court overlooked 24 P.S. § 20-2019-A and 42 [Pa.C.S.A.] § 8953. Counsel also argued that it is ludicrous to believe a Slippery Rock University police officer is powerless to arrest for crimes committed on Kiester Road.
>
> * * *
>
> We have once again examined the statutes applicable to this matter, including but not limited to those which counsel for the Commonwealth argued were overlooked by the Pennsylvania Superior Court in *Durso*. The inescapable conclusion we must reach is that this matter is controlled by *Durso*.
>
> * * *
>
> Given that the facts here are identical to the salient facts in *Durso*, that decision is a binding precedent that we are not free to ignore.

*(Footnote Continued)* ───────────────

powers on campus grounds only. Because Slippery Rock University is state-owned, and because the stop of the defendant's vehicle did not occur on campus grounds, the defendant concluded the campus police had acted outside their jurisdiction and conducted an illegal traffic stop. After analyzing Sections 646 and 646.1, this Court agreed with the defendant and held that the trial court should have granted the defendant's suppression motion.

- 4 -

J-S64033-14

(Suppression Court Opinion and Order at 2-3).

The Commonwealth timely filed a notice of appeal on April 16, 2014.[3] On April 21, 2014, the court ordered the Commonwealth to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The Commonwealth timely filed a Rule 1925(b) statement on May 2, 2014.

The Commonwealth now raises two issues for our review:

> DID THE TRIAL COURT ERR WHEN IT DISREGARDED THE ENABLING LEGISLATION FOR STATE-OWNED UNIVERSITY CAMPUS POLICE POWERS AND DUTIES AS SET FORTH IN 24 P.S. § 20-2019-A? THIS ENABLING LEGISLATION PERMITS POLICE TO ACT OUTSIDE THE LIMITS OF THE UNIVERSITY PURSUANT TO 42 PA.C.S.A. § 8953(a).
>
> DID THE TRIAL COURT ERR WHEN IT MISINTERPRETED THE FACT THAT THE PUBLIC ROAD ON WHICH THE UNIVERSITY POLICE CONDUCTED A TRAFFIC STOP WAS ABUTTED ON BOTH SIDES BY UNIVERSITY PROPERTY [AND], AS SUCH, WAS ACTUALLY PART OF THE UNIVERSITY CAMPUS?

(Commonwealth's Brief at 6).

On appeal, the Commonwealth asserts the suppression court disregarded the relevant statute setting forth the powers and duties of

---

[3] Pursuant to Pa.R.A.P. 311(d), the Commonwealth certified in good faith in its notice of appeal that the suppression order substantially handicapped or terminated the prosecution. Accordingly, this appeal is properly before us for review. **See Commonwealth v. James**, 620 Pa. 465, 69 A.3d 180 (2013) (reiterating Commonwealth has absolute right of appeal from interlocutory suppression order, when Commonwealth certifies in good faith that suppression order has terminated or substantially handicapped prosecution); **Commonwealth v. Cosnek**, 575 Pa. 411, 836 A.2d 871 (2003) (stating Rule 311(d) applies to pretrial ruling that results in suppression, preclusion or exclusion of Commonwealth's evidence).

- 5 -

campus police. Citing Section 20-2019-A(a)(5), the Commonwealth contends campus police at certain state-owned universities have the same powers and duties which are bestowed upon municipal police officers under the Municipal Police Jurisdiction Act ("MPJA"), 42 Pa.C.S.A. §§ 8951-8954. Citing Section 8953(a)(2) of the MPJA, the Commonwealth argues Officer Davis properly conducted a traffic stop off campus grounds, because the officer was in "hot pursuit" after witnessing Appellee commit a traffic violation within the officer's primary jurisdiction. Moreover, the Commonwealth insists Kiester Road is part of the campus grounds. The Commonwealth claims Kiester Road "runs through the university, thus putting it on university property even though it is not owned by the university." (Commonwealth's Brief at 13). The Commonwealth concludes the court should have denied Appellee's suppression motion on these bases. We disagree.

"Statutory interpretation implicates a question of law." *Commonwealth v. Van Aulen*, 952 A.2d 1183, 1184 (Pa.Super. 2008), *appeal denied*, 600 Pa. 749, 965 A.2d 245 (2009). "Thus, our scope of review is plenary, and our standard of review is *de novo*." *Id.*

The principal objective of statutory interpretation and construction is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Menezes*, 871 A.2d 204, 209 (Pa.Super. 2005), *appeal denied*, 586 Pa. 724, 890 A.2d 1057 (2005). When possible,

every statute should be construed to give effect to all its provisions. 1 Pa.C.S.A. § 1921(a); ***Commonwealth v. Drummond***, 775 A.2d 849, 855-56 (Pa.Super. 2001) (*en banc*), *appeal denied*, 567 Pa. 756, 790 A.2d 1013 (2001). Courts must read and evaluate each section of a statute in the context of, and with reference to, the other sections of the statute, because there is a presumption that the legislature intended the entire statute to be operative and effective. ***Id.*** at 856. The plain language of a statute is the best indication of legislative intent. ***Commonwealth v. Reaser***, 851 A.2d 144, 149 (Pa.Super. 2004), *appeal denied*, 581 Pa. 674, 863 A.2d 1145 (2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." ***Menezes, supra*** at 209. "Importantly, '[s]tatutes or parts of statutes are *in pari materia* when they relate to the same persons or things or to the same class of persons or things' and '[s]tatutes *in pari materia* shall be construed together, if possible, as one statute.'" ***Durso, supra*** at 867 (quoting 1 Pa.C.S.A. § 1932(a), (b)).

Section 20-2002-A of the Public School Code of 1949 established the State System of Higher Education ("SSHE"), a collection of state-owned schools of which Slippery Rock University is a member. Section 20-2019-A governs the conduct of campus police at SSHE institutions:

### § 20-2019-A. Campus police powers and duties

(a) Campus police of an institution shall have the power and their duty shall be:

(1)    to enforce good order on the grounds and in the buildings of the institution;

(2)    to protect the grounds and buildings of the institution;

(3)    to exclude all disorderly persons from the grounds and buildings of the institution;

(4)    to adopt means necessary for the performance of their duties;

(5)    **to exercise the same powers as are now or may hereafter be exercised under authority of law or ordinance by the police of the municipalities wherein the institution is located, including, but not limited to, those powers conferred pursuant to 42 Pa.C.S. Ch. 89 Subch. D (relating to municipal police jurisdiction);**

(6)    to prevent crime, investigate criminal acts, apprehend, arrest and charge criminal offenders and issue summary citations for acts committed on the grounds of the institution and carry the criminal offenders before the proper district justice and prefer charges against them under the laws of this Commonwealth. **Except when acting pursuant to 42 Pa.C.S. Ch. 89 Subch. D, campus police shall exercise these powers and perform these duties only on the grounds of the institution. For the purposes of applying the provisions of 42 Pa.C.S. Ch. 89 Subch. D, the grounds of the institution shall constitute the primary jurisdiction of the campus police.**

(7)    to order off the grounds and out of the buildings of the institution all trespassers and persons under the influence of alcohol or controlled substances and, if necessary, remove them by force and, in case of resistance, carry them before a district justice; and

(8)    to arrest any person who damages, mutilates or destroys the property of the institution or commits any other offense, including threats or acts of terrorism, on the

grounds and in the buildings of the institution and carry that person before the proper district justice and prefer charges against that person under the laws of this Commonwealth.

24 P.S. § 20-2019-A(a)(1)-(8) (internal footnote omitted) (emphasis added). "'Grounds' shall mean all lands and buildings owned, controlled, leased or managed by the [SSHE]." 24 P.S. § 20-2001-A(21).

Additionally, the MPJA provides in pertinent part:

### § 8953. Statewide municipal police jurisdiction

   (a)   **General rule.—**Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:

*     *     *

   (2)   Where the officer is in hot pursuit of any person for any offense which was committed, or which he has probable cause to believe was committed, **within his primary jurisdiction** and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.

42 Pa.C.S.A. § 8953(a)(2) (emphasis added).

Instantly, the suppression court relied on **Durso** to grant Appellee's suppression motion. In **Durso**, however, the parties did not argue the provisions of the Public School Code of 1949. **See Durso, supra** at 867-68. Therefore, this Court did not have the opportunity to consider the applicability of Section 20-2019-A to circumstances where a campus police

officer from a SSHE institution observes a Motor Vehicle Code violation on a public road abutted on both sides by campus grounds. Moreover, the statutes at issue in **Durso**, 71 P.S. §§ 646, 646.1, are part of the Administrative Code of 1929, governing campus police at "state owned" and "state aided or related" colleges and universities generally. In comparison, Section 20-2019-A is part of a series of statutes specifically pertaining to the governance of SSHE institutions, which is a more specific subset of schools than those schools covered under the Administrative Code of 1929. **See Commonwealth v. Klingersmith**, 650 A.2d 444 (Pa.Super. 1994), *appeal denied*, 540 Pa. 647, 659 A.2d 986 (1995) (stating where two statutory sections arguably cover same matter and appear to be inconsistent, specific provision will prevail over general provision). Consequently, we now address the question of whether Section 20-2019-A permitted Officer Davis to conduct the traffic stop of Appellee's vehicle.[4]

At the suppression hearing, Officer Davis testified that Slippery Rock University does not own or maintain Kiester Road. (**See** N.T. Suppression Hearing at 6, 9.) Further, Officer Davis admitted his jurisdiction is limited to "[a]ny campus property. Any property that is owned by the university…." (**Id.** at 6). Officer Davis also confirmed that he was not acting under a

_____

[4] In its *amicus curiae* brief, SSHE acknowledges, "The ultimate question before this [C]ourt is whether a public road that runs through a state-owned university campus is part of the primary jurisdiction of university campus police." (*Amicus Curiae* Brief at 13).

cooperative agreement with the municipal police at the time he stopped Appellee's vehicle. (*Id.* at 9).

Here, Kiester Road does not fall within the statutory definition of campus "grounds," and Officer Davis did not have primary jurisdiction over the road. *See* 24 P.S. § 20-2001-A(21); 24 P.S. § 20-2019-A(a)(6). Because the purported Motor Vehicle Code violation did not occur within Officer Davis' primary jurisdiction, the "hot pursuit" provision of the MPJA is unavailable. *See* 42 Pa.C.S.A. § 8953(a)(2). Absent more, Officer Davis had no authority to stop Appellee's vehicle for a Motor Vehicle Code violation that occurred outside the officer's primary jurisdiction.[5] Accordingly, we affirm the order granting Appellee's suppression motion, albeit on different grounds. *See Commonwealth v. Johnson*, 941 A.2d 1286 (Pa.Super. 2008) (reiterating appellate court can uphold trial court's decision if there is any proper basis for result reached; appellate court is not constrained to affirm on grounds relied upon by trial court).

Order affirmed.

Judgment Entered.

_____

[5] The Commonwealth offers no citations to relevant authority to support its bald assertion that a public road must be considered campus grounds if university property abuts the road on both sides. (Commonwealth's Brief at 13-14).

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/24/2014</u>