J-A08026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER ADAM RYERSE | |
| Appellant | No. 1037 MDA 2014 |

Appeal from the Judgment of Sentence of May 8, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-CR-0001366-2013

BEFORE: SHOGAN, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.: **FILED MAY 08, 2015**

Christopher Adam Ryerse appeals the judgment of sentence entered on May 8, 2014. We affirm.

On the evening of April 10, 2013, Ryerse, the victim, and several others met to socialize and drink at the Super 8 Motel in State College, Pennsylvania. Ryerse and the victim had met a few times before that night. At some point during the evening, the victim became ill, vomited, and passed out in the bathroom. *See* Notes of Testimony ("N.T."), 1/13/2014, at 58-61. Her friends tried to provide assistance but she was unable to walk or talk. Ryerse entered the bathroom and held her in his arms but she could not respond. *Id.* at 63-65. The victim went in and out of consciousness,

_____

[*] Retired Senior Judge assigned to the Superior Court.

but later remembered brief moments of that night, including that Ryerse removed her clothing and underwear, touched her genitalia, placed his mouth on her breasts, and penetrated her vaginally and anally. *Id.* at 66-69. She did not consent, nor could she move or speak. *Id.* at 70.

The next morning, the victim woke up naked and in bed with Ryerse. She retrieved her clothes and left. *Id.* at 71-74. She reported the incident to the authorities and sought medical treatment. *Id.* at 78. Her clothing was tested and Ryerse's semen was found on her underwear.

> On January 13, 2014, a jury convicted [Ryerse] of one count of Rape (18 Pa.C.S.A. § 3121(a)(3)); one count of Sexual Assault (18 Pa.C.S.A. § 3124.1); and one count of Indecent Assault (18 Pa.C.S.A. § 3126(a)(4)). The jury found [Ryerse] not guilty of one count of Involuntary Deviate Sexual Intercourse (18 Pa.C.S.A. § 3123(a)(3)). [Ryerse] was sentenced [to an aggregate sentence of not less than ten nor more than twenty years' incarceration] on May 8, 2014. [Ryerse] filed a Post-Sentence Motion for Modification of Sentence of May 19, 2014, arguing th[e trial c]ourt erred in sentencing [Ryerse] on both the Rape and Sexual Assault convictions. Th[e trial c]ourt denied [Ryerse's] Motion on May 23, 2014. [Ryerse] filed the instant appeal on June 19, 2014.

Trial Court Opinion ("T.C.O."), 8/15/2014, at 1. Pursuant to the trial court's order, Ryerse filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on July 21, 2014, and the trial court issued its Pa.R.A.P. 1925(a) opinion on August 15, 2013.

Ryerse presents two questions for our review:

> 1. Did the trial court err in drawing a specific conclusion as to the intent of the jury when it found [Ryerse] guilty of a general count of sexual assault?

2.      Due to the generality of the jury's verdict of guilty on the count on sexual assault, does the sentence on sexual assault merge with the sentence on rape?

Ryerse's Brief at 5.

We begin with Ryerse's second issue, in which he contends that his rape conviction and sexual assault conviction should have merged for sentencing purposes.  *Id.* at 5, 14-16.  He requests that we vacate his sentence as it stands.  *Id.* at 17.  We disagree.

> Whether [an a]ppellant's convictions merge for sentencing is a question implicating the legality of [the] sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary.  The best evidence of legislative intent is the words used by the General Assembly.  Further, this Court must, whenever possible, give effect to all provisions of a statute, 1 Pa.C.S. § 1921(a), and unless a phrase has a technical, peculiar, or otherwise defined meaning, that phrase must be construed according to its common and approved usage.  1 Pa.C.S. § 1903(a).  Of course, this Court presumes that the General Assembly does not intend absurd or unreasonable results when it enacts a statute.  1 Pa.C.S. § 1922(1).

*Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009) (case citations and internal quotation marks omitted).  Furthermore, Section 9765 of the Judicial Code provides that:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

- 3 -

42 Pa.C.S.A. § 9765. Thus, Section 9765 permits merger if two elements are satisfied: (1) all of the statutory elements of one offense are included in the other, and (2) the crimes arise from a single criminal act.

The crime of sexual assault is defined as follows: "Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. § 3124.1. Ryerse argues that his conviction for sexual assault must merge with his rape conviction because he was acquitted of involuntary deviate sexual intercourse.

Ryerse was convicted of rape under subsection (a)(3), which provides: "A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant . . . [w]ho is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring." 18 Pa.C.S.A. § 3121(a)(3). Ryerse was acquitted of involuntary deviate sexual intercourse, subsection (a)(3), which provides: "A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant . . . who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring[.]" 18 Pa.C.S.A. § 3123(a)(3). "As the rape and involuntary deviate sexual intercourse offenses at issue subsume a lack of consent, although each requires more, and sexual intercourse is common to

- 4 -

the offenses, [our Supreme Court has] conclude[d] that sexual assault constitutes a lesser-included offense of these crimes." ***Commonwealth v. Buffington***, 828 A.2d 1024, 1032 (Pa. 2003); ***see also*** 18 Pa.C.S.A. § 3101 (definitions).

Therefore, Ryerse maintains that, because he was acquitted of involuntary deviate sexual intercourse and the jury did not issue a specific verdict as to which acts informed the rape and sexual assault charges, his sexual assault conviction must be a lesser-included offense of rape for purposes of merging for sentencing as a matter of law. ***See*** Ryerse's Brief at 11-14.

> Our merger jurisprudence is rooted in the protection against double jeopardy provided by the United States and the Pennsylvania Constitutions. ***See Baldwin***, ***supra*** at 836; ***see also*** U.S. Const. amend. V ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"); Pennsylvania Const. Art. 1, § 10 ("No person shall, for the same offense, be twice put in jeopardy of life or limb"). However, our Supreme Court has long recognized that "the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." ***Commonwealth v. Anderson***, 538 Pa. 574, 650 A.2d 20, 22 (Pa. 1994). The Court in ***Anderson*** noted its continuing concern to avoid giving criminals a "volume discount" on crime. ***Id.***

***Commonwealth v. Calhoun***, 52 A.3d 281, 284-85 (Pa. Super. 2012) (footnote omitted). Furthermore, we have held that "[w]hen an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks at the acquittal as no more than the jury's assumption of power which they had no right to exercise, but to which they were

- 5 -

disposed through lenity." ***Commonwealth v. Frisbie***, 889 A.2d 1271, 1273 (Pa. Super. 2005). Accordingly, in the instant case, Ryerse's acquittal of involuntary deviate sexual intercourse is not dispositive of whether his sexual assault conviction is a lesser-included offense of rape.

Even if we conclude that Ryerse has satisfied the first element of merger, that sexual assault is a lesser-included offense of rape, he has not demonstrated the second element, that the offenses arise from a single criminal act. ***See*** 42 Pa.C.S.A. § 9765.

"[I]n order to support the imposition of more than one sentence, it must be found that the defendant's conduct constituted more than one injury to the Commonwealth." ***Commonwealth v. Rhoads***, 636 A.2d 1166, 1168 (Pa. Super. 1994). Here, the victim testified to multiple instances of penetration, both vaginal and anal, that occurred while she went in and out of consciousness and was unable to consent. N.T. at 66-70. Therefore, the sexual assault conviction and rape conviction cannot be conclusively determined to "arise from a single criminal act." 42 Pa.C.S.A. § 9765. ***Cf. Commonwealth v. Lomax***, 8 A.3d 1264, 1268 (Pa. Super. 2010) (holding that sentences for rape of a child and indecent assault merged where they arose from the same, single act of penetration).

Accordingly, Ryerse's argument that his sexual assault conviction **must** merge with his rape conviction as a matter of law is contradicted by the record, and does not merit relief. ***See Baldwin***, 985 A.2d at 833; ***Calhoun***, 52 A.3d at 284-85.

Returning to Ryerse's first issue, he contends that the trial court erred "in drawing a specific conclusion as to the intent of the jury when it found [him] guilty of a general count of sexual assault." Ryerse's Brief at 5.

In its opinion, the trial court stated: "The jury found [Ryerse] not guilty of Involuntary Deviate Sexual Intercourse not because they did not believe the anal intercourse did not occur, but because the victim was not unconscious during the act and was aware the act was occurring, although she could not move or speak." T.C.O. at 3.

Because the court did not err in declining to merge Ryerse's convictions for rape and sexual assault on more general grounds—that the jury is entitled to render an inconsistent verdict—the trial court did not need to infer the specific intent of the jury as to its verdict. However, we need not address whether the trial court improperly drew a specific conclusion as to the intent of the jury. We are not constrained by the rationale of the trial court, and may affirm Ryerse's judgment of sentence on any basis. *See Commonwealth v. Boyles*, 104 A.3d 591, 596 (Pa. Super. 2014). Thus, this issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015

- 7 -