J-A08003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WALTER KARL MORRIS, | |
| Appellant | No. 247 MDA 2014 |

Appeal from the Order Entered January 24, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001441-2008

BEFORE:  SHOGAN, WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 01, 2015**

Appellant, Walter Karl Morris, who was convicted of first-degree murder on November 21, 2008, purports to appeal from the order entered on January 24, 2014, that denied his motion for an evidentiary hearing on his second post-sentence motion.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> After a jury trial, on November 21, 2008, Walter Morris was convicted of first degree murder for the shooting of Doug

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  While Appellant's motion was filed after his conviction and judgment of sentence became final, the motion was not filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  The application and requirements of the PCRA, as well as the substance of the January 24, 2014 order, will be discussed below.

Harris. On December 8, 2008 Appellant was sentenced to an aggregate term of life imprisonment.

Morris appealed his judgment of sentence to the Pennsylvania Superior Court which affirmed the sentence in a Memorandum Opinion issued on February 22, 2010. On February 22, 2011 he filed a *pro se* Petition under the Post-Conviction Relief Act (PCRA). Counsel was appointed and, after two (2) amended PCRA Petitions were filed, this Court issued an Order notifying Morris of its intention to dismiss his petition without a hearing as our independent judicial review found no genuine issues of material fact and that he was not entitled to the relief sought.

Prior to the issuance of a final order disposing of the PCRA Petition, on October 7, 2011, Appellant filed a Post-Sentence Motion for a New Trial on the Grounds of After-Discovered Evidence ("First Post-Sentence Motion") alleging that he had uncovered after-discovered evidence that his co-defendant, Brian Tuckey ("Tuckey") had confessed to the murder of Doug Harris. Appellant requested that this Court schedule an evidentiary hearing on the Post-Sentence Motion and stay the issuance of a final order on his PCRA Petition until the Motion could be considered. This Court held two hearings relative to Appellant's Motion on December 13, 2011 and February 9, 2012. In a Memorandum Order issued on April 30, 2012, this Court denied Appellant's Motion for a New Trial and dismissed his PCRA petition. The rulings were appealed to the Superior Court which affirmed the PCRA Court's dismissal in an Unpublished Memorandum Opinion issued on May 6, 2013.

Appellant filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on July 12, 2013, and while the Petition was still pending, [on July 31, 2013,] he filed a Second Post-Sentence Motion for a New Trial on the Grounds of After-Discovered Evidence. This Court took no action on Morris' Motion while the appellate courts retained jurisdiction over the matter. Although Appellant made application to the Supreme Court requesting remand of the case, on November 19, 2013, the application [for remand] was [specifically] denied along with his Petition for Allowance of Appeal. Subsequently, Appellant filed a Motion for an Evidentiary Hearing on his Second Post-Sentence Motion for a New Trial on the Grounds of After Discovered Evidence which is the subject of the instant appeal. This Court denied Appellant's Motion on January 24, 2014.

Trial Court Opinion, 5/2/14, at 1-3 (footnotes omitted).

At the outset, we note that through procedural mistakes and voluminous and overlapping filings, this matter has a complex, if not convoluted, history. Additionally, we are constrained to highlight that the order from which Appellant has taken the instant appeal did not actually dispose of his second post-sentence motion–it merely denied Appellant a hearing on that motion. Order, 1/24/14. However, the trial court specifically discussed the denial of Appellant's second post-sentence motion in its opinion. Trial Court Opinion, 5/2/14, at 9. Apparently, the trial court intended to deny Appellant's second post-sentence motion in the January 24, 2014 order. Moreover, we emphasize that when a trial court does not rule on a post-sentence motion, that motion is denied by operation of law 120 days after it is filed. Pa.R.Crim.P. 720(B)(3)(a); **see also Commonwealth v. Samuel**, 102 A.3d 1001, 1003-1004 (Pa. Super. 2014) (noting that where the trial court did not rule on defendant's post-sentence motion within 120 days, it was effectively denied by operation of law). For these reasons, and in the interests of judicial economy, we deem Appellant's second post-sentence motion denied, as we see no utility in remanding this matter to the trial court for it to issue an order effectuating its stated intent to deny the motion.

On appeal, Appellant raises the following issues for this Court's consideration:

A. Did the trial court deny Appellant due process by failing to hold an evidentiary hearing on Appellant's second post-sentence motion for a new trial based on after-discovered evidence which consisted of a second witness coming forward with a signed statement that Appellant's co-defendant confessed that he committed the murder Appellant was convicted of and that he told the Commonwealth about the confession prior to trial but the information was withheld from Appellant?

B. Did the trial court err and abuse its discretion by denying Appellant's second post sentence motion for a new trial based on after-discovered evidence where Appellant produced a witness who is a cousin of the victim who provided a statement that Appellant's co-defendant confessed to the murder of his cousin to him while in prison and he reported the confession to a Dauphin county detective before Appellant's trial and asked the detective to relay the information to the prosecutor and defense counsel?

C. Did the trial court err and abuse its discretion by overlooking a claim that the prosecution withheld exculpatory evidence by denying Appellant's motion for a new trial based on after-discovered evidence without holding a hearing where Appellant's motion contained a claim that a witness came forward with information that Appellant's co-defendant confessed to the murder Appellant was convicted of and he reported the confession to a Dauphin county detective prior to Appellant's trial and asked the detective to relay the information to the prosecutor and defense counsel prior to trial but said confession was never provided to Appellant prior to his trial for murder.

Appellant's Brief at 5 (full capitalization omitted).[2]

Before we reach the merits of the issues Appellant raises, we must first address a jurisdictional issue. In its opinion, the trial court found that

_____

[2] Appellant claimed in both his first and second post-sentence motions that Tuckey confessed to killing Doug Harris in a rap song and in casual conversation while housed at the Dauphin County Prison. Appellant's Brief at 14-15.

Appellant's second post-sentence motion and request for remand to the trial court was proper and timely under Pa.R.Crim.P. 720(C) because it concluded that the underlying motion was filed on direct appeal. Trial Court Opinion, 5/2/14, at 6. As noted above, however, Appellant has pursued to finality his direct appeal and first PCRA petition. Accordingly, Appellant's underlying second post-sentence motion, filed on July 31, 2013, was filed **after the direct appeal process**. Therefore, Appellant was required to proceed under the PCRA,[3] but he failed to do so.

Despite Appellant's procedural misstep in failing to pursue his claim for relief under the PCRA, and notwithstanding the trial court finding that

_____

[3] The explanatory comment to Rule 720 provides as follows:

> Unlike ineffective counsel claims, which are the subject of **Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002), [Pa.R.Crim. 720] (C) requires that any claim of after-discovered evidence must be raised promptly after its discovery. Accordingly, after-discovered evidence discovered during the post-sentence stage must be raised promptly with the trial judge at the post-sentence stage; after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge; **and after-discovered evidence discovered after completion of the direct appeal process should be raised in the context of the PCRA.** **See** 42 Pa.C.S. § 9545(b)(1)(ii) and (b)(2) (PCRA petition raising after-discovered evidence must be filed within 60 days of date claim could have been presented). **Commonwealth v. Kohan**, 825 A.2d 702 (Pa. Super. 2003), is superseded by the 2005 amendments to paragraphs (A) and (C) of the rule.

Pa.R.Crim. 720 comment, **miscellaneous** (emphasis added).

- 5 -

Appellant's motion was timely, Appellant was ultimately denied relief.[4] It is well settled that this Court can uphold the trial court's decision if there is any proper basis for the result reached. *Commonwealth v. Boyles*, 104 A.3d 591, 596 (Pa. Super. 2014). Here, we conclude that the denial of Appellant's motion was proper, not on its merits, but because the trial court lacked jurisdiction.

As discussed above, Appellant was required to present his claim in a PCRA petition. Pa.R.Crim.P. 720(C), comment. However, even if the trial court had treated Appellant's second post-sentence motion as a PCRA petition, no relief was due.

The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

---

[4] We note that, as discussed above, the trial court failed to specifically rule on the underlying second post-sentence motion in the January 24, 2014 order, but we have deemed the motion denied. Thus, the result is that Appellant was denied relief on his second post-sentence motion, and as will be explained herein, we are affirming that denial of relief.

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met. The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).[5]

A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-

---

[5] To obtain relief on a claim of newly-discovered evidence under the PCRA, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. Brown**, 111 A.3d 171, 177 n.4 (Pa. Super. 2015).

year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant's judgment of sentence became final on March 25, 2010, thirty days after the time expired for Appellant to file a petition for allowance of appeal with the Pennsylvania Supreme Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Pursuant to the PCRA, Appellant had one year, or until March 25, 2011, in which to file a timely PCRA petition. Here, Appellant's second post-sentence motion, even if considered a PCRA petition, is patently untimely as it was not filed until July 31, 2013.

As stated previously, when a petitioner does not file a timely PCRA petition, that petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be presented. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant claimed in his second post-sentence motion that Michael Cefala, an inmate at the Dauphin County Prison in 2008, heard Appellant's co-defendant, Brian Tuckey, confess in a rap song about killing Doug Harris. Appellant alleged it was not until July 3, 2013, that he learned

that Tuckey confessed to Mr. Cefala. While Appellant arguably presented this claim of newly-discovered evidence within sixty days of discovery in his July 31, 2013 motion, this newly-discovered evidence was exactly the same evidence he presented in his first post-sentence motion. Thus, it is axiomatic that this evidence is not new. The fact that Appellant purports to present this same confession through a second witness does not alter the fact that this "new" evidence was already known to Appellant and had been previously raised and found lacking in merit.

In his first post-sentence motion, Appellant claimed he learned of Tuckey's confession through Jaason McAllister. Trial Court Opinion, 5/2/14, at 5-6. The trial court held hearings and took testimony on this claim. It concluded as follows:

> This court does not find the testimony of Jaason McAllister convincing or credible. McAllister never came forward with whatever information regarding a murder he thought he had and his testimony was inconsistent. Additionally, Brian Tuckey unequivocally repudiated the alleged confession.

Trial Court Opinion, 4/30/12, at 6.

Now, Appellant is attempting to present the same evidence that he raised before. Here, the alleged confession would be cumulative of Appellant's defense theory from trial, it would be used to impeach Tuckey's prior testimony, and because there were eyewitnesses establishing that Appellant was the shooter, it is unlikely the result of the proceedings would be different. Thus, even if we concluded that Appellant satisfied the first

prong of the newly-discovered evidence test from **Brown**, he fails to satisfy the second, third, and fourth prongs. As Appellant has not presented newly-discovered evidence, he has failed to satisfy the newly-discovered evidence exception to the PCRA time bar. **Commonwealth v. Taylor**, 67 A.3d 1245, 1249 (Pa. 2013). Thus, even if the trial court had treated Appellant's second post-sentence motion as a PCRA petition, it was untimely, and no exception applied. Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").[6]

---

[6] Even if Appellant had satisfied the requirements for an exception to the PCRA time bar, no relief would be due. Appellant avers that he is entitled to a new trial based on a claim of newly-discovered evidence. Appellant's Brief at 14. The test for determining whether a petitioner is entitled to a new trial based on newly-discovered evidence is the same as the four-prong test from **Brown**, which we addressed above. **See Commonwealth v. Lyons**, 79 A.3d 1053, 1068 (Pa. 2013) (A trial court should grant a motion for new trial on the ground of after-discovered evidence where producible and admissible evidence discovered after trial: (1) could not have been obtained prior to the end of trial with the exercise of reasonable diligence; (2) is not merely corroborative or cumulative evidence; (3) is not merely impeachment
*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2015

---

*(Footnote Continued)* ————————————

evidence; and (4) is of such a nature that its use will likely result in a different verdict on retrial.). As we discussed, the alleged confession would be cumulative of Appellant's defense theory from trial, it would be used to impeach Tuckey's prior testimony, and because there were eyewitnesses establishing that Appellant was the shooter, it is unlikely the result of the proceedings would be different. Thus, even if we concluded that Appellant satisfied the first prong from **Lyons**, he fails to satisfy the second, third, and fourth prongs.